UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:12CV-P4-M

**PHILLIP J. MUNDY**                                                                                      **PETITIONER**

v.

**ROBERT LANNING**                                                                                      **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Phillip J. Mundy filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order entered February 10, 2012, which the Court incorporates by reference, the Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (DN 5). Upon review, the Court concluded that the petition was time-barred under the applicable one-year statute of limitations, 28 U.S.C. § 2244(d), and that Petitioner did not present circumstances appropriate for equitable tolling. *Id.* The Court, therefore, provided Petitioner with 30 days within which to show cause why this action should not be dismissed as untimely. The Court warned Petitioner that his failure to respond within the time allotted would result in dismissal of the action as time-barred.

Well over 30 days have passed, and Petitioner has failed to file a response to the Memorandum and Order to show cause. The Court, therefore, reaffirms its conclusion that the § 2254 petition was not filed within the one-year statute of limitations under § 2244(d) and that Petitioner did not identify circumstances appropriate for equitable tolling. Accordingly, the Court will deny the petition and dismiss this action.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: May 16, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Petitioner, *pro se*
     Respondent
     Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4414.005